BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES E. NASH,<br><br>             Plaintiff,<br><br>vs.<br><br>MATANUSKA-SUSITNA BOROUGH,<br><br>             Defendant. | Case No. 3:19-CV-00235-JMK |

## **MATANUSKA-SUSITNA BOROUGH'S MOTION TO COMPEL**

### **I.**     **Relief Requested**

The Matanuska-Susitna Borough (hereinafter "Borough") hereby moves the Court for an order compelling Charles E. Nash (hereinafter "Mr. Nash") to provide outstanding discovery responses. Specifically, the Borough seeks Rule 26(a) initial disclosures, Rule 33 answers to interrogatories, Rule 34 documents, and Rule 36 admissions due. The Borough *certifies that it has in good faith* – before and after the Court's stay due to the pandemic – conferred and attempted to confer with Mr. Nash in an effort to obtain Mr. Nash's disclosures and discovery responses without court action per Fed. R. Civ. P. 37(a)(1) and Local Rule 37.1. (See Affidavit of Assistant Borough Attorney Shannon Bodolay (herein "Bodolay Aff.") at ¶ 2.) The Borough respectfully requests that the Court enter an order compelling Mr. Nash to produce the requested discovery and for the Borough's reasonable expenses incurred in making this motion, including attorney fees.

## II. Factual Background

Mr. Nash seeks compensation for takings he alleges occurred under the Constitution of the United States and Alaska. (Compl.) His allegations appear to stem from a relationship that began in 1998 when Mr. Nash entered into a Timber Sale Contract with the Borough to purchase, cut, and remove certain timber from a 24,500 acre contract area that was, and will continue to be, referred to as the "Chijuk" Forest. (Bodolay Aff. ¶ 3.) Since that initial 1998 Timber Contract, the parties have settled disputes and entered into subsequent agreements related to the Chijuk timber. (Id.)

After Mr. Nash filed his Complaint in August 2019, the Borough and Mr. Nash met for a joint scheduling conference and discussed pretrial deadlines on November 8, 2019. (Id. ¶ 4.) After the discussion the parties agreed, and the Court so ordered the parties, to provide initial disclosures and preliminary witness lists by January 6, 2020. Scheduling and Planning Conference Report and Scheduling and Planning Order. Six months ago, the Borough complied with the Court's Order, but Mr. Nash did not. (Id. ¶ 6-7.)

The Borough contacted Mr. Nash on January 13, 2020 – a week after initial disclosures were due – and Mr. Nash informed the Borough he would submit the disclosures by the end of the week. (Id. ¶ 7, Ex. A.) Mr. Nash failed to do so and instead informed the Borough that he would not meet his own extended deadline and wanted an additional extension to January 20, 2020. (Id. ¶ 8, Ex. B.) On January 20, 2020, Mr. Nash submitted his incomplete initial disclosures – he listed six individuals and referenced only the Alaska

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

and U.S. Constitutions as documents he believed had information supporting his claims. (Id. ¶ 9, Ex. C.)

The following day, January 21, 2020, the Borough sent a letter to Mr. Nash conveying that it believed the disclosures were incomplete and how Rule 26(a)(1) required Mr. Nash to provide more information for the initial disclosures. (Id. ¶ 10, Ex. D.) Mr. Nash responded the same day and explained he was traveling and would be sending additional disclosures within the next few days. (Id. ¶ 10.) The next day, the Borough again requested Mr. Nash provide the due disclosures. (Id. ¶ 11, Ex. B.)

Nearly a week later, on January 27, 2020, Mr. Nash emailed the Borough what he titled "Supplemental Disclosures of Charles E. Nash." (Id. ¶ 12, Ex. F.) This disclosure simply stated three monetary amounts representing the damages Mr. Nash was claiming, but failed to include any supporting documentation regarding the calculations of the amounts as required by Rule 26(a)(1)(A)(iii). (Id.) On February 3, 2020, the Borough responded with a request that Mr. Nash complete the initial disclosures – specifically by providing copies of documents, emails, and tangible items – to support Mr. Nash's claims and calculation of damages. (Id. ¶ 13, Ex. G.)

On February 9, 2020, the Borough received an email from Mr. Nash containing a letter (dated January 7, 2020), explaining that Mr. Nash's house and garage had been broken into during May and June 2019 – months *before* he filed this lawsuit. (Id. ¶ 14, Ex. H.) For the first time, Mr. Nash stated that the files and records relevant to the suit had been scattered

and water damaged, and he would need to reconstruct and retrieve those documents to provide his initial disclosures to the Borough. (Id.)

Having been sued in Federal Court by the assertion of vague allegations with practically no detail regarding the substance of Mr. Nash's claims, on February 19, 2020, the Borough served Mr. Nash with its First Set of Discovery Requests under Fed. R. Civ. P. 26, 33, 34, and 36 – seeking information needed to prepare its defense to Mr. Nash's claims. (Id. ¶ 15, Ex. I.) Among the requests were interrogatories important to the Borough's defense of this case – such as the specific name and location of the property Mr. Nash alleges was taken and the specific act by the Borough Mr. Nash alleges constituted a takings. (See Id.) Mr. Nash had 30 days – by March 20, 2020 – to respond. Fed. R. Civ. 33(b)(2); Fed. R. Civ. 34(b)(2)(A); Fed. R. Civ. 36(a)(3).

On March 11, 2020, three weeks after the Borough served Mr. Nash with the First Set of Discovery Requests, the Governor of Alaska issued a Public Health and Disaster Emergency Declaration due to the COVID-19 pandemic. Admin. Order No. 315, COVID-19 Directive. Two days later, and less than a week before Mr. Nash's discovery response was due, the President of the United States declared a national emergency due to the COVID-19 pandemic. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020).

On March 20, 2020, the answers to the Borough's First Set of Discovery Requests were due; the Borough received nothing from Mr. Nash on or prior to the due date. (Bodolay Aff. ¶ 15.) On March 25, 2020, the Borough requested a discussion with Mr. Nash regarding the outstanding discovery and disclosure requests. (Id. ¶ 16.)

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

On March 30, 2020, the United States District Court for the District of Alaska imposed a stay on all civil matters for 30 days. Miscellaneous General Order 20-11. The parties had a teleconference call in which both parties discussed the pandemic and its implications on proceeding with the case (Bodolay Aff. ¶ 17.); Mr. Nash agreed to provide the overdue initial disclosures and discovery responses by April 17, 2020. (Id. Ex. J.) However, on April 15, 2020, Mr. Nash emailed the Borough and stated he needed additional time for health reasons; the Borough without question allowed for additional time. (Id. ¶ 18, Ex. K.)

On April 20, 2020, the Court extended its 30-day stay on all civil matters for an additional 30 days. Miscellaneous General Order 20-13. On April 24, 2020, Mr. Nash and the Borough had another conference call in which the parties agreed to jointly request extensions for the remaining, upcoming discovery and pretrial deadlines to a later date due to the pandemic. (Bodolay Aff. ¶ 19.) However, this agreement did not extend the deadlines that had already passed for (1) Mr. Nash's overdue initial disclosures, which were due on January 6, 2020, under this Court's Scheduling and Planning Order, and (2) Mr. Nash's outstanding responses to the Borough's First Set of Discovery Requests. (Joint Motion to Extend Pre-Trial Deadlines)

On May 8, 2020, the parties received a Notice of Stay from this Court that this case had been stayed until June 1, 2020 – the stay on civil proceedings expired June 1, 2020. Miscellaneous General Order 20-17.

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

On June 5, 2020 the Governor's interstate air travel restrictions changed which allow individuals to travel more freely. Health Mandate 10.1: Interstate and International Travel, (Jun. 5, 2020).

On June 17, 2020, the Borough sent a letter requesting Mr. Nash's long overdue initial disclosures and a response to the Borough's First Set of Discovery Requests by June 30, 2020. (Bodolay Aff. ¶ 20, Ex. L.) The Borough also provided notice that if Mr. Nash failed to meet this deadline, the Borough – seeing no other alternative – would seek the Court's assistance by filing a Motion to Compel. (Id. at 3.) On June 29, 2020, the Borough received an email from Mr. Nash stating he was working on the disclosures and would be sending them in the "next couple of days." (Id. ¶ 21, Ex. M.) The Borough has not received a response from Mr. Nash to date – nearly two weeks have lapsed since then. (Id. ¶ 22.)

On July 8, 2020 the Court issued Miscellaneous General Order 20-24 which continues to recognize the effect the COVID-19 measures may still have on discovery proceedings.

At the time of filing this motion, Mr. Nash's initial disclosures for a claim which he appears to be seeking $8 million are six months overdue and, even considering the impact of the pandemic, his responses to the Borough's First Set of Discovery Requests are overdue. Mr. Nash has ignored disclosure deadlines, misrepresented when responses would be forthcoming, repeatedly requested extensions of time, and then failed to timely respond. While the Borough is undoubtedly aware and sensitive to the wide spread disruption the pandemic has caused, Mr. Nash's conduct leaves the Borough no choice but to seek this

**BOROUGH ATTORNEY'S OFFICE**
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

*MSB's Motion to Compel*
*Nash .v MSB* / 3:19-cv-00235-JMK                                                                      Page 6 of 12

Case 3:19-cv-00235-JMK   Document 15   Filed 07/14/20   Page 6 of 12

Court's help. Mr. Nash's dilatory conduct is impacting the Borough's ability to defend this case.

### III. Argument

#### A. Initial Disclosures

The disclosures Mr. Nash has provided thus far fail to meet his discovery obligation. Under Fed. R. Civ. P. 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other parties" its initial disclosures of information and materials – such as names of witnesses and copies of documents – it may use to support its claims or defenses. The party must also provide a "computation of each category of damages claimed by the disclosing party" and must make available any unprivileged documents or evidentiary materials on which the calculations are based. Fed. R. Civ. P. 26(a)(1)(A)(iii). To date, Mr. Nash has not provided one document to support any aspect of his takings claim. The only information he has disclosed regarding his damages are as follows:

> . . . .
>
> 1. Construction of Oil Well Road from Mile 6 to Mile 16; including permit acquisition, design work, and physical construction of the roadway; $ 500,000 per mile.
>
> 2. Construction of a 40 foot X 12 foot modular bridge at Cottonwood Creek;
> including permit acquisition, engineering, mitigation of environmental damage caused by a failed project previously constructed by the Matanuska-Susitna Borough at Cottonwood Creek and actual bridge construction; $900,000.
>
> 3. Construction of a 160 foot, three span bridge at Kroto Creek; including permit work, engineering, actual bridge construction and

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

> mitigation of environmental damage to the stream banks caused by years of fording. $ 2,100,000.

(Bodolay Aff. ¶ 12, Ex. F.) Simply put, the lump sum damage figures he referenced in his "supplemental disclosures" do not provide the requisite *calculation* of damages required by the rule. Additionally problematic is the complete lack of documents or materials relating to his claim of damages. If Mr. Nash has any documentary evidence he believes supports his claim, Rule 26 requires he provide them. See R & R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246-47 (9th Cir. 2012) (holding a district court did not abuse its discretion in concluding the plaintiff had violated its discovery obligations by failing to provide documents for damages calculations in a timely manner).

A major purpose of the initial disclosure requirement is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." BWP Media USA Inc. v. Urbanity, LLC, 696 F. App'x 795, 797 (9th Cir. 2017) (citing R & R Sails, 673 F.3d at 1246, which quotes Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments). In the present case, Mr. Nash's failure to provide complete initial disclosures frustrates the Borough's purpose in defending this case because it has needlessly expended resources on creating documents and interrogatory requests seeking, in part, discovery that Rule 26(a) already requires Mr. Nash to produce automatically.

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

## B. Other Discovery

Mr. Nash has also failed to meet its obligations under Rules 33, 34, and 36 as he has not provided *any* responses to the Borough's requests at all. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Mechanisms for obtaining such discovery include Rule 33 written interrogatories, Rule 34 requests for the production of documents, electronically stored information, and Rule 36 requests for admission. The opposing party must timely and appropriately respond. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3).

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." A party may move to compel disclosure under Rule 37(a)(3)(A) if another party fails to make initial disclosures required by Rule 26(a) and may move to compel a discovery response under Rule 37(a)(3)(B) if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents requested under Rule 34. For the purposes of moving to compel disclosures and discovery responses, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Mr. Nash has completely failed to respond to the Borough's discovery requests. Critical here, some of the information the Borough seeks about Mr. Nash's claims is very basic and should be readily accessible:

> Interrogatory No. 1: . . .
> Please identify and describe in detail (1) the "property" you mean by "Plaintiffs property," (including the name and location), (2) the Borough act that you believe constituted the alleged "taking" of the

**BOROUGH ATTORNEY'S OFFICE**
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

> property, and (3) your use of the "property" at the time you allege its taking occurred for which you seek compensation through your complaint.

(Bodolay Aff. ¶ 15, Ex. I. at Interrog. No. 1.) Mr. Nash's pro se status does not excuse his adherence to the discovery rules or this Court's Orders in that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds); see also Carter v. C.I.R., 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [the plaintiff] is expected to abide by the rules of the court in which he litigates").

The Borough has met its burden of making a good faith effort to work with Mr. Nash to obtain discovery without Court intervention. The Borough recognizes that prior to filing a motion to compel discovery and requesting assistance from the court, Fed. R. Civ. P. 37(a)(1) and L. Civ. R. 37.1 requires that the moving party make a good faith effort to confer with the nonmovant in an effort to obtain discovery without the court's intervention. A good faith effort may be established through phone conferences, email communications, or personal meetings amongst the parties. See, e.g., Benavidez v. Sandia Nat'l Labs., 319 F.R.D. 696, 723 (D.N.M. 2017). The Borough made numerous good faith attempts to confer by maintaining prompt and consistent mail, email, and telephonic communications with Mr. Nash, reaching out to Mr. Nash each time he missed a discovery deadline, and cooperating with the plaintiff to extend deadlines due to Mr. Nash personal requests. (Bodolay Aff. ¶ 7, Ex. A.; ¶ 10, Ex. D.; ¶ 11, Ex. B., ¶ 13, Ex. G.; ¶ 16, ¶ 17, Ex. J.; ¶ 18.) However, Mr. Nash has ignored discovery deadlines, misrepresented when his responses would be forthcoming,

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

repeatedly requested extensions of time, and has failed to provide the Borough with complete discovery responses. Mr. Nash's conduct leaves the Borough no choice but to seek this Court's intervention.

This Court should also award the Borough attorney fees for bringing this motion. Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [. . .] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

## IV. Conclusion

At this juncture, the Borough lacks recourse other than to request assistance by the Court to compel Mr. Nash to comply with its discovery obligations. Mr. Nash has demonstrated a pattern of delay, disregard for deadlines, and misrepresentation regarding when his responses will be forthcoming. Mr. Nash's conduct does not suggest that he intends to comply with discovery under the Federal Rules of Civil Procedure. Mr. Nash's conduct continues to hamper the Borough's ability to obtain basic discovery essential in preparing its defense. The Borough can only speculate, based on Mr. Nash's vague allegations and incomplete initial disclosures, as to what action by the Borough Mr. Nash claims constituted a takings and to how Mr. Nash calculated his unsubstantiated monetary damages against the alleged personal property, among other aspects of the controversy between the parties.

The Borough respectfully requests that this Court issue an order compelling Mr. Nash to provide his full and complete and verified responses to discovery, award the Borough its

BOROUGH ATTORNEY'S OFFICE
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559

reasonable expenses incurred in making this motion, including attorney fees, and grant the

Borough whatever other relief to which it is justly entitled.

Dated this 14th day of July, 2020.

    MATANUSKA-SUSITNA BOROUGH
    Nicholas Spiropoulos
    Borough Attorney

By:   /s/

    Shannon Bodolay
      Alaska Bar No. 0211066
      Shannon.Bodolay@matsugov.us

    Susan Lemons
      Alaska Bar No. 1503008
      Susan.Lemons@matsugov.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2020, I caused to be served, via U.S. postage, prepaid, a copy of *Affidavit of Shannon Bodolay in Support of the Matanuska-Susitna Borough's Motion to Compel* on:

    Charles E. Nash, *Pro Se*:
    9165 Poplar Drive
    Melba, Idaho 83641

and via email at: cnashconsultingforester@gmail.com

    /s/
Shannon Bodolay

**BOROUGH ATTORNEY'S OFFICE**
Matanuska-Susitna Borough
350 East Dahlia
Palmer, Alaska 99645
(907) 861-8677
FAX: (907) 861-8559