IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHARLES E. NASH,<br><br>               Plaintiff,<br><br>vs.<br><br>MATANUSKA-SUSITNA<br>BOROUGH,<br><br>               Defendant. | Case No. 3:19-cv-00235-JMK<br><br>**ORDER GRANTING IN PART<br>MOTION FOR ATTORNEY FEES** |

Before the Court at Docket 45 is Defendant Matanuska-Susitna Borough's ("the Borough") Motion for Attorney Fees. Plaintiff Charles Nash did not file a response. For the reasons set forth below, Defendant's Motion is **GRANTED IN PART**.

Mr. Nash alleged that the Borough destroyed his property in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and Article I and Article VIII of the Alaska Constitution.[1] The Court granted summary judgment in favor of the Borough, finding that Mr. Nash's claims were barred by the Parties' 2013 Settlement Agreement.[2] The Borough now moves the Court to award full attorney fees because Mr. Nash acted in bad faith, or, in the alternative, under Alaska Civil Rule of

---

[1] Docket 1 at 5.
[2] *See generally* Docket 42.

Procedure 82.[3] The Court declines to award attorney fees under its inherent power, but it does award adjusted fees pursuant to Rule 82.

A federal court has inherent power to award attorney fees to a prevailing party if the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.[4] Here, the Court is not convinced that Mr. Nash acted in bad faith or for an improper purpose. As the Borough notes, "the 'mere fact that an action is without merit does not amount to bad faith . . . the court must find *something more* than a party knowingly pursued a meritless claim or action. . . .'"[5] Mr. Nash, acting *pro se*, provided little evidence for his claim and did not appear to understand his role in this litigation.[6] While the Court understands the Borough's frustration with Mr. Nash's "fail[ure] to exert any modicum of effort," it cannot identify specific conduct that shows anything more than a deep misunderstanding of the law and the judicial process.[7]

However, attorney fees are authorized by Alaska law even absent a finding of bad faith. This Court exercised federal question jurisdiction over Mr. Nash's federal

---

[3] Docket 45 at 1.

[4] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 269–71 (1975) (explaining that, absent a statutory command, federal courts generally apply the American Rule in which each side pays its own attorney fees).

[5] Docket 45 at 6 (quoting *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 602 F.3d. 742, 753 (6th Cir. 2010) (emphasis in original)); *see also Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

[6] *See, e.g.*, Docket 34 at 2 (Mr. Nash stating that he is not required to submit evidence with his motion for summary judgment because he plans to present it at trial).

[7] Docket 45 at 8 (arguing that Mr. Nash's conduct, taken as a whole, is commensurate to bad faith because his claim was meritless, he failed to meet deadlines, and he did not provide evidence for his claim). In the specific instance where Mr. Nash refused to abide by the Court's Order, he was sanctioned for that conduct. *See generally* Docket 29.

*Nash v. Matanuska-Susitna Borough*  Case No. 3:19-cv-00235-JMK
Order Granting in Part Motion for Attorney Fees  Page 2
Case 3:19-cv-00235-JMK   Document 51   Filed 10/07/22   Page 2 of 6

constitutional claims and supplemental jurisdiction over his Alaska constitutional claims.[8] In this situation, the Court applies Alaska law to award attorney fees for the state-law claim.[9] Under Rule 82(a) of the Alaska Rules of Civil Procedure, "the prevailing party in a civil case shall be awarded attorney's fees." The Rule authorizes the Borough to receive twenty percent (20%) of the actual attorney fees necessarily incurred.[10] Understanding that the attorneys' work cannot be cataloged by federal or state claims,[11] the Borough billed 685.30 hours working on this matter at $250 per hour, setting its presumptive fee award at $34,265.[12]

The Borough requests the full amount of actually incurred attorney fees (totaling $171,325) alleging that Mr. Nash acted in bad faith. Under Rule 82, the Court may vary the presumptive award based on:

(A) the complexity of the litigation;

---

[8] *See* 28 U.S.C. § 1367(a); Docket 1 at 3 (explaining that the action arises under both the United States and Alaska Constitutions). The Borough argues that the Court exercised diversity jurisdiction over Mr. Nash's claims, but the result is the same. *See In re Exxon Valdez*, 484 F.3d 1098, 1100 (9th Cir. 2007) (explaining that the basis of a federal court's jurisdiction over a state law claim is irrelevant for *Erie* purposes; where state law supplies the rule of the decision, the courts apply that law).
[9] *Disability L. Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 941 (9th Cir. 2009).
[10] Alaska R. Civ. P. 82(b)(2).
[11] Normally, the Court would award attorney fees only for the time spent litigating the state-law claim. However, when state and federal claims are so intertwined that segregation is impossible, the Court is not required to apportion its award. *United States for use and benefit of Midstate Equip., Inc. v. Ahtna Constr. & Primary Prod., LLC*, No. 4:19-CV-00010-JWS, 2021 WL 6845543, at *2–3 (D. Alaska Oct. 25, 2021). Here, Mr. Nash's state and federal constitutional claims share an identical factual basis such that the Borough's legal defense was indistinguishable, and the attorneys' work on the state claims cannot be isolated.
[12] *See* Docket 45-7; Docket 45-8; Docket 45-9; Docket 45-40. At times, the Borough's motion references a rate of $225 per hour, but its requested relief, calculations, and affidavits all claim a rate of $250 per hour.

(B) the length of trial;

(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;

(D) the reasonableness of the number of attorneys used;

(E) the attorneys' efforts to minimize fees;

(F) the reasonableness of the claims and defenses pursued by each side;

(G) vexatious or bad faith conduct;

(H) the relationship between the amount of work performed and the significance of the matters at stake;

(I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;

(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and

(K) other equitable factors deemed relevant.[13]

In addition to Mr. Nash's alleged bad-faith conduct, the Borough argues that its rate and hours expended are reasonable, it took efforts to minimize fees, the litigation was both complex and important, and an award of full fees would not deter future litigants from voluntary use of the courts.[14]

---

[13] Alaska R. Civ. P. 82(b)(3).
[14] Docket 45 at 19–21.

*Nash v. Matanuska-Susitna Borough* Case No. 3:19-cv-00235-JMK
Order Granting in Part Motion for Attorney Fees Page 4
Case 3:19-cv-00235-JMK   Document 51   Filed 10/07/22   Page 4 of 6

These factors do not counsel an increased award. As discussed, the Court does not find Mr. Nash to have acted vexatiously or in bad faith. The difficulty in litigating against a *pro se* party and the unreasonableness of Mr. Nash's claims are neutralized by the relatively high number of hours billed by the Borough. Most importantly, an enhanced award is unwarranted given the straightforward resolution of this case and Mr. Nash's status as a *pro se* litigant.[15]

The Court is especially wary of an award being so onerous as to discourage use of the courts by other litigants and be unjust to Mr. Nash. The record indicates that Mr. Nash held a sincere belief in his claims, and the Borough has not presented evidence that he is a frequent or otherwise vexatious litigant. This Court previously has acknowledged Mr. Nash's age and financial status in awarding reduced fees.[16] That said, Mr. Nash has yet to pay the Borough the $272.50 in attorney fees previously levied against him.[17] Given the totality of the circumstances, the Court feels it would be unjust to award tens of thousands of dollars in attorney fees against a *pro se* litigant for a relatively straightforward case. Therefore, the Court reduces the fee award and orders that Mr. Nash pay the Borough five percent (5%) of the actual attorney fees necessarily incurred, totaling $8,566.25.

---

[15] Mr. Nash's *pro se* status, by itself, does not insulate him from sanctions or attorney fees. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). However, it cautions this Court against enhancing an award due to conduct that is to be expected from a *pro se* litigant. *See id.*

[16] Docket 29 at 5.

[17] Docket 45-2 at ¶ 5.

Defendant's Motion for Attorney Fees is **GRANTED IN PART**. Plaintiff is ordered to pay attorney fees in the amount of $8,566.25 to Defendant within 30 days of this Order.

**IT IS SO ORDERED** this 7th day of October, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Nash v. Matanuska-Susitna Borough* Case No. 3:19-cv-00235-JMK
Order Granting in Part Motion for Attorney Fees Page 6
Case 3:19-cv-00235-JMK   Document 51   Filed 10/07/22   Page 6 of 6